# EXHIBIT A

Summonses and Complaint

**SUMM**

# Eighth Judicial District Court

## CLARK COUNTY. NEVADA

| | |
|---|---|
| MGP Apex 582 MultiFamily, LLC, a Nevada limited liability company; MGP Apex 582 Development, LLC, a Nevada limited liability company; MGP Apex 582 Guaranty, a Nevada limited liability company | CASE NO. **A-22-863107-C** |
| | DEPT. NO. |
| Plaintiffs, | **SUMMONS** |
| vs. | |
| TREZ CAPITAL WINSTON LP, a Delaware Limited Partnership; TREZ CAPITAL FUNDING II, LLC, a Delaware limited liability company, Defendants and Real Parties in Interest, | |
| and | |
| BH&G HOLDINGS, LLC, a Nevada limited liability company | |
| Nominal Defendant; | |

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**      Trez Capital Funding II, LLC

A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the date of service, you must do the following:

      a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

      b.      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

| Submitted By: | STEVEN D. GRIERSON, CLERK OF COURT | 12/27/2022 |
|---|---|---|
| _/s/ Richard C. Gordon, Esq._ | BY: _____ | |
| Richard C. Gordon, Esq. (Bar # 9036 | Deputy Clerk | Date |
| Erik J. Foley, Esq., (Bar #14195) | | |
| SNELL & WILMER L.L.P. | Regional Justice Center | **Demond Palmer** |
| 3883 Howard Hughes Pkwy, #1100 | 200 Lewis Avenue | |
| Las Vegas, NV 89169 | Las Vegas, NV  89155 | |
| Attorneys for Plaintiff | | 12/6/2006 |
| (702) 784-5200 | | |

# AFFIDAVIT OF SERVICE

STATE OF NEVADA            )
                                    ) ss.
COUNTY OF CLARK          )

_____, being duly sworn says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20__ and served the same on the _____ day of _____, 20___ by:

## (Affiant must complete the appropriate paragraph)

1.      Delivering and leaving a copy with the Defendant _____ at (state address) _____

2.      Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____ _____.

## [Use paragraph 3 for service upon agent, completing (a) or (b)]

3.      Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.

      (a)      With _____ as _____, an agent lawfully designated by statute to accept service of process;

      (b)      With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                                ☐     Ordinary Mail
                                  ☐     Certified mail, return receipt requested
                                ☐     Registered mail, return receipt requested

      addressed to the Defendant _____ at Defendant's last known address which is (state address) _____ _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20___

                                      _____
                                      Signature of person making service

Electronically Issued
12/27/2022 2:16 PM

**SUMM**

# Eighth Judicial District Court

## CLARK COUNTY. NEVADA

| | |
|---|---|
| MGP Apex 582 MultiFamily, LLC, a Nevada liability company; MGP Apex 582 Development, LLC, a Nevada limited liability company; MGP Apex 582 Guaranty, a Nevada limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>TREZ CAPITAL WINSTON LP, a Delaware Limited Partnership; TREZ CAPITAL FUNDING II, LLC, a Delaware limited liability company,<br>Defendants and Real Parties in Interest,<br><br>and<br><br>BH&G HOLDINGS, LLC, a Nevada limited liability company<br><br>Nominal Defendant; | CASE NO.  A-22-863107-C<br><br>DEPT. NO.<br><br>**SUMMONS** |

## SUMMONS - CIVIL

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**      Trez Capital Winston LP

A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the date of service, you must do the following:

      a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

      b.      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

| | |
|---|---|
| Submitted By: | STEVEN D. GRIERSON, CLERK OF COURT |
| | 12/27/2022 |
| _/s/ Richard C. Gordon, Esq._ | BY: _____ |
| Richard C. Gordon, Esq. (Bar # 9036 | Deputy Clerk                    Date |
| Erik J. Foley, Esq., (Bar #14195) | |
| SNELL & WILMER L.L.P. | |
| 3883 Howard Hughes Pkwy, #1100 | Regional Justice Center |
| Las Vegas, NV 89169 | 200 Lewis Avenue |
| Attorneys for Plaintiff | Las Vegas, NV  89155 |
| (702) 784-5200 | |

Demond Palmer

12/6/2006

# AFFIDAVIT OF SERVICE

STATE OF NEVADA            )
                                   ) ss.
COUNTY OF CLARK          )

_____, being duly sworn says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20__ and served the same on the _____ day of _____, 20___ by:

**(Affiant must complete the appropriate paragraph)**

1.      Delivering and leaving a copy with the Defendant _____ at (state address)
_____

2.      Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address)
_____
_____.

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3.      Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.

       (a)      With _____ as _____, an agent lawfully designated by statute to accept service of process;

       (b)      With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                                    ☐      Ordinary Mail
                                    ☐      Certified mail, return receipt requested
                                    ☐      Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____
_____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20___

_____
Signature of person making service

Electronically Filed
12/27/2022 12:15 PM
Steven D. Grierson
CLERK OF THE COURT

1  Richard C. Gordon, Esq.
    Nevada Bar No. 9036

2  Erik J. Foley, Esq.
    Nevada Bar No. 14195

3  SNELL & WILMER L.L.P.
    3883 Howard Hughes Parkway, Suite 1100

4  Las Vegas, Nevada 89169
    Telephone:  702.784.5200

5  Facsimile:  702.784.5252
    Email: rgordon@swlaw.com

6          efoley@swlaw.com

7  *Attorneys for Plaintiffs*

CASE NO: A-22-863107-C
Department 5

8

9              **EIGHTH JUDICIAL DISTRICT COURT**

10               **CLARK COUNTY, NEVADA**

11

| | |
|---|---|
| MGP APEX 582 MULTIFAMILY, LLC, a Nevada limited liability company; MGP APEX 582 DEVELOPMENT, LLC, a Nevada limited liability company; MGP APEX 582 GUARANTY, LLC, a Nevada limited liability company; | Case No. <br><br> Dept No. <br><br> **VERIFIED COMPLAINT** |
|             Plaintiffs, | **EXEMPT FROM ARBITRATION: INJUNCTIVE RELIEF REQUESTED AND SEEKS DAMAGES IN EXCESS OF $50,000** |
| vs. | |
| TREZ CAPITAL WINSTON LP, a Delaware Limited Partnership; TREZ CAPITAL FUNDING II, LLC, a Delaware limited liability company, | |
|             Defendants and Real Parties in Interest, | |
| and | |
| BH&G HOLDINGS, LLC, a Nevada limited liability company | |
|             Nominal Defendant. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

MGP Apex 582 Multifamily, LLC; MGP Apex 582 Development, LLC; and MGP Apex 582 Guaranty, LLC (collectively, "Plaintiffs" or "MGP") by and through their counsel, the law firm of Snell & Wilmer L.L.P., files their Complaint against Trez Capital Winston LP and Trez Capital Funding II, LLC and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under Section 6, Article 6 of the Nevada Constitution and pursuant to NRS 3.220.

2.      This Court has jurisdiction over the parties pursuant to NRS 14.065 on the grounds that such jurisdiction is not inconsistent with the Nevada Constitution or the United States Constitution; including that each foreign party has sufficient minimum contacts with the State of Nevada, which comport with notions of fair play and substantial justice, to permit the exercise of personal jurisdiction over them.

3.      Venue is proper in this judicial district pursuant to NRS 13.040.

## PARTIES

4.      Plaintiff MGP Apex 582 Multifamily, LLC is a limited liability company formed in the State of Nevada.

5.      Plaintiff MGP Apex 582 Development, LLC is a limited liability company formed in the State of Nevada.

6.      Plaintiff MGP Apex 582 Guaranty, LLC is a limited liability company formed in the State of Nevada.

7.      Defendant Trez Capital Winston LP is a Delaware limited partnership.

8.      Defendant Trez Capital Funding II, LLC is a Delaware limited liability company.

9.      Trez Capital Winston LP and Trez Capital Funding II, LLC are alter egos of each other.  There is such unity of interest and ownership between both such that they are inseparable from each other and adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice.  Accordingly, the two entities are hereinafter collectively referred to as "Trez," or "Defendants."

/ / /

- 2 -

10.     Nominal Defendant BH&G Holdings, LLC ("BH&G" or the "Company") is a Nevada limited liability company with a principal place of business in Las Vegas, Nevada. BH&G is the title owner of record of the Apex at Galleria Project.

**DERIVATIVE AND DEMAND REJECTION/FUTILITY ALLEGATIONS**

11.     Plaintiffs bring this action derivatively, and pursuant to Rule 23.1 of the Nevada Rules of Civil Procedure, in the right and for the benefit of BH&G to redress injuries suffered and to be suffered by BH&G as a direct result of the Defendants' conduct.  BH&G is named as a nominal Defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

12.     Plaintiffs will adequately and fairly represent BH&G's interests in enforcing and prosecuting its rights, and as interest holders of BH&G, have standing to represent the same.

13.     Plaintiffs were interest-holders of BH&G at the time of the wrongdoing complained of, have continuously been interest-holders since that time, and are a current BH&G interest-holders.

14.     The members of BH&G include: the Plaintiff entities, as well as TRU Management Group LLC, Pro 42 Capital Group LLC, and TRU Development LLC.  Plaintiffs own more than a 97% interest in BH&G.  The remaining members (who are not participating in this action) own less than 3% of BH&G.

15.     The Company is managed by co-managers, Plaintiff MGP Apex 582 Development, LLC and Tru Development, LLC.

16.     Pursuant to Section 4.1 of the Company's Operating Agreement, unanimous consent of both managers is required to initiate litigation on behalf of the Company.  Plaintiffs sought consent from both managers to commence the pending litigation on behalf of BH&G, but unanimous consent was not provided.

17.     Specifically, Plaintiffs made demand to the co-manager, Tru Development LLC, on December 20, 2022, both orally and in writing.  That demand was rejected on the same day.  For this reason, any future demand by Plaintiffs is excused because such demand would be futile.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Ex. Page No. 8

18.     As such, the Plaintiff entities file this suit as a derivative action for the benefit of BH&G.

<strong>GENERAL ALLEGATIONS</strong>

**A.      The Project**

19.     BH&G and Trez entered into a Loan Agreement ("Loan Agreement") whereby Trez agreed to provide up to $64,560,000 in construction funding to BH&G.[1]  The purpose of this loan was to finance the construction of residential apartments in the City of Henderson known initially as Apex 582, and most recently, as the Apex at Galleria (the "Project").  BH&G is the owner of the Project.

20.     Though the Loan Agreement was represented to close in December 2020, delays by Trez pushed the date of execution back to July 21, 2021.  This delayed closing was the first delay of at least seven months (the "First Delay").

21.     Under the Loan Agreement, Trez was obligated to provide a "Construction Advance" upon commencement of the Project.  Trez was also obligated to provide further Construction Advances, upon application by BH&G, for the costs of labor, materials, and services supplied for the Project.

22.     In August 2021, mobilization was initialized by all necessary parties, and in September 2021, BH&G began development on the Project.

23.     BH&G had met all the contractual terms for funding of the Construction Advance.  However, despite repeated requests by BH&G, Trez did not fund the first Construction Advance until ***seven months later***, on April 11, 2022 (the "Second Delay").

24.     During this Second Delay, BH&G had no choice but to fund the Project itself, causing it substantial financial hardship.  Specifically, BH&G was forced to fund construction using $4.2 million of its own funds.  In fact, BH&G paid the first four pay applications from its general contractor.  It was not until the fifth pay application that Trez finally began funding pursuant to its obligations under the loan agreement.

---

[1]  The original lender in the Loan Agreement was Trez Capital (2015) Corporation.  Trez Capital (2015) Corporation subsequently assigned its interest, rights, and obligations in the Loan Agreement to Defendant Trez Capital Winston LP.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**B.**   **The Arch Culvert**

25.     Trez's stated excuse for failing to timely fund the Initial Advance is that it demanded that BH&G first have an agreement in place with the City of Henderson (the "City") and various other governmental agencies regarding the construction of an arch culvert on the property (the "Arch Culvert").

26.     An arch culvert is a structure used to divert and control the flow of ground water and to prevent flooding.[2]



27.     The Project's Arch Culvert is, by definition, a public-private partnership requiring various levels of involvement and approval from the following municipalities: U.S. Army Corp of Engineers, Clark County Department of Public Works, Clark County Regional Flood Control District, Southern Nevada Water Authority, and the City of Henderson Department Public Works. Its design and purpose are to direct water to Lake Mead and to prevent flooding of the surrounding area.  To maximize the value of the property and the Project, by allowing for higher density housing, the Arch Culvert is to be constructed underground.

28.     Though the Arch Culvert would typically be the City's construction project, the City agreed to allow BH&G to construct the culvert underground and in a manner to maximize the housing density and the value of the Project.  The agreement, reached in principle, would require BH&G to fund and develop the construction of the Arch Culvert, whereby the City would

_____

[2]  The culvert pictured here is only an example and is not the specific culvert at issue in this dispute.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  subsequently reimburse BH&G up to 49 percent of its total Arch Culvert costs (the

2  "Reimbursement Agreement").

3     29.    The Arch Culvert project is identified in the Master Plan Update of the Las Vegas

4  Valley, December 2018. The Arch Culvert has regional flood control significance and is in the

5  same hydrological area as Clark County, City of Henderson, the City of Las Vegas, and the City

6  of North Las Vegas.

7     30.    All drainage easements and permanent rights-of-way or rights-of-entry for

8  construction of the Arch Culvert have been obtained to allow the construction of the Arch

9  Culvert.

10    31.    As with any public (i.e., state, county, municipal) construction project, BH&G was

11  required to post performance and payment bonds (the "Bond").  *See* NRS 39.025.  The contract

12  for the construction of the Arch Culvert was bid at $10.1 million.  The City established this same

13  amount as the required Bond, which BH&G paid and funded from the agreed upon use and

14  proceeds of the Project.

15    32.    However, Trez was not satisfied with the language of the Bond, itself.  Trez slow-

16  walked negotiations with the City for eight months before it finally agreed to the terms.  This self-

17  induced delay was the excuse Trez's used for its untimely payment of the first Construction

18  Advance.  Though, on information and belief, Trez stalled to fund the loan because it lacked

19  capital to fund it.

20    33.    As a result of Trez's delay, BH&G suffered cost overruns, including with

21  "extended general conditions,"[3] and adjustments for the rapidly rising cost of construction

22  materials, all of which BH&G had to fund itself, contrary to the purpose of the Loan Agreement.

23  In fact, an independent audit found that the Bond delay "caused the proposed GMP Reset

24  Proposal from Burke Construction dated June 4, 2022, for $10,527,089.22, largely attributed to

25  escalation in materials pricing that occurred form the date of the original GMP issuance to when

26  they were authorized to finalize their agreements with their sub-contractor and vendors."

27

28  [3] "General conditions" are the daily cost to a developer incurred by merely being onsite,
    including building infrastructure, equipment rental, wasted labor costs, and other overhead.

Snell & Wilmer

L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 6 -

34. After the Bond was paid, BH&G proceeded to finish design of the Arch Culvert. After reviewing the plans for the Arch Culvert, the City approved the design and issued the required permits. However, in February 2022, during a collateral review by another governmental agency, some minimal "delta red line" design changes were requested. Thus, in April 2022, BH&G submitted the amended plans for the Arch Culvert, incorporating the requested changes. In November 2022, the revised delta red line revisions were approved by all agencies and municipalities.

35. The Reimbursement Agreement—which would allow BH&G to recoup up to 49 percent of its $10.1 million investment into the Arch Culvert—could not be executed until the plans had been approved by the City and all relevant governmental agencies. Hence, approval of the amended plans, issuance of the new permits, and execution of the Reimbursement Agreement was (and still is) crucial to the financial success of the Project.

**C.** **Trez Interferes and Induces a Default**

36. By mid-2022, Trez had only funded approximately $22.5 million of the $64.5 million available under the Loan Agreement. Hence, it was still obligated to BH&G for an additional $42 million. On information and belief, Trez had depleted its liquid assets and had been exploring options to rid itself of this and various other creditor commitments.

37. In June 2022, BH&G's contractor, Burke Construction Group, Inc. ("Burke") submitted a change order seeking an additional $10.5 million for cost increases it alleges resulted from the delays, including from extended general conditions and the rising costs of construction materials due to inflation.

38. Burke was required to provide all bids and backup to the BH&G, which it did not do. BH&G was empowered to review, and either object or approve the bids. BH&G denied the change order request because, among other things, Burke did not provide at least three bids as a minimum to the BH&G. Nevertheless, Trez Vice President Adrian Watkins requested a review of the change order. but was submitted to Trez for comment and review upon the request of Adrian Watkins.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

39.     Under the Loan Agreement, change orders exceeding $50,000 in additional costs required Trez's approval.  However, no provision of the Loan Agreement allowed Trez to approve a change order itself or to *compel* BH&G to approve a change order.

40.     Nevertheless, Trez demanded that BH&G pay Trez the amount of the change order, plus additional overruns caused by Trez's delays, within five days, i.e., by July 18, 2022. Trez demanded a total amount of $18.5 million, to "rebalance" the loan.

41.     During this time, Trez refused to provide further funds as required under the Loan Agreement.

42.     Pursuant to the Loan Agreement, BH&G was obligated to make a payment of $4,075,464 to Trez by July 14, 2022.

43.     Trez repeatedly assured BH&G that it would extend the deadline for both pending July 2022 payments.  Beginning as early as February 2022, Adrian Watkins, Trez's Vice President, orally assured BH&G that it would extend the payment deadlines and confirmed in email exchanges that he was working to formalize the extensions.

44.     For example, on February 21, 2022, BH&G agent Tim Deters told Trez that "we would also like to modify the payment date and extend 7-8 months."  Trez responded, "<u>yes, we are fine with that arrangement</u>."  (Emphasis added).

45.     Then, on March 17, 2022, BH&G emailed Trez, asking "where things stand on the internal approval for extending that payment date."  Trez's response did not equivocate: "I will be putting the payment date extension into credit next week."

46.     Financially harmed by Trez's improper demands for payment of the $10.5 million change order, and $8 million in similar overruns, BH&G was unable to make the July 14, 2022, and July 18, 2022, payments, and was dependent upon the extension Trez had promised.

47.     Trez never formalized the extension it had promised.

48.     On July 29, 2022, Randy Norton, principal of Plaintiffs and of BH&G, traveled to Trez's office in Dallas to try to resolve the outstanding extension modification.  It was there that Trez informed BH&G that Trez would be issuing a notice of default.

/ / /

Snell & Wilmer

L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

49.     On August 11, 2022, Trez issued a Notice of Default in betrayal of its assurances that the payment deadlines would be extended.

**D.     Trez's Conduct Deprived BH&G of Its Right to Cure**

50.     Under Nevada law, commercial borrowers have an absolute right to cure a default within 35 days following a notice of default.  NRS 107.080(2), (3).  BH&G therefore had the statutory right to cure the default until September 15, 2022, and the equitable right to cure thereafter.  But Trez acted to (1) prevent BH&G from maintaining its payment obligations before the Notice of Default was issued, (2) prevent BH&G from curing after the Notice of Default and before the statutory right-to-cure had expired, and (3) deprive BH&G of its right to cure through its misconduct continuing to the present date.

*1.     Trez's Misrepresentations Deprived BH&G of Its Statutory Right to Cure*

51.     The Project includes a "Retail Hard Corner" that is to be sold for commercial development.  A hard corner is real property that directly abuts the intersection of two roads, making it ideal for the placement of gas stations or other convenience services.

52.     To maximize the return, BH&G intended to sell the Retail Hard Corner after the rest of the property was developed.  Given Trez's repeated assurances that an extension of payment deadlines was forthcoming, BH&G was under no pressure to sell the Retail Hard Corner prior to the completion of the Project.

53.     The estimated value of the Retail Hard Corner, before completion of the Project, was approximately $5.3 million.  On information and belief, its value could have reached up to $20 million after completion of the Project, subject to lease and credit of tenant.  Nevertheless, had BH&G known that Trez had no intention of following through with its promised extensions, it would have sold the Retail Hard Corner and paid that toward the balance owed to Trez.

54.     Additionally, as described above, *supra* Parts A–B, Trez's conduct substantially delayed the Bond for the Arch Culvert, which directly blocked the reimbursement—up to 49 percent—BH&G would have received upon execution of the Reimbursement Agreement with the

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

City.  Because of these delays, BH&G was damaged an additional $4,949,000 of unreimbursed funds.[4]

55.     Combined, BH&G could have applied $10,249,000 toward the amount owed under the Loan Agreement.  Furthermore, BH&G had sufficient capital to pay the remaining outstanding amount, thus avoiding any default.  Thus, Trez's conduct put BH&G into default and its misrepresentations deprived BH&G of the opportunity to cure before the Notice of Default was issued.

### 2.     *Trez Abuses a Power of Attorney to Deprive BH&G of Its Statutory Right to Cure*

56.     Under the Loan Agreement, during an Event of Default,[5] Trez had the right to "to perform all work necessary to complete the construction of the Improvements substantially in accordance with the Plans and Governmental Requirements."  To that end, it was authorized, *but not obligated*, to act "as the attorney-in-fact of [BH&G]."  If Trez opted to exercise this remedy, it was authorized to exercise power of attorney for only five expressly enumerated functions (the "Power of Attorney Provision"):

> (i) use such sums as are necessary, . . . make such changes or corrections in the Plans and employ such engineers, architects and contractors as may be required ***for the purpose of completing the construction*** of the Improvements substantially in accordance with the Plans and Governmental Requirements,
>
> (ii) execute all applications and certificates in the name of Borrower that are required ***for completion of the construction*** of the Improvements, or for the benefit of the Property,
>
> (iii) endorse the name of Borrower on any checks or drafts representing proceeds of the Insurance Policies, or other checks or instruments payable to Borrower with respect to the Property,
>
> (iv) do every act ***with respect to the construction*** of any of the Improvements that Borrower may do, and
>
> (v) prosecute or defend any action or proceeding incident to the Property.

(Emphasis added).

/ / /

---

[4]  As described in detail below, *infra* Part D.3, Trez continued to block BH&G's ability to cure with regard to the Arch Culvert *after* the Notice of Default as well.
[5]  "Event of Default" is used herein as defined in the Loan Agreement.  *See* Ex. 1 ¶ 5.01.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

57.     In Short, the Power of Attorney Provision authorized Trez to protect the property and to work toward the completion of the construction of the Project.  It did not authorize Trez to act in its own self-interest or to facilitate any foreclosure proceeding.  And it certainly did not authorize Trez to subvert the Project or to work against the interest of BH&G, the *de facto* represented party in the attorney-in-fact relationship.

58.     On July 29, 2022—13 days before the Notice of Default and **48 days** before the statutory right to cure expired—Trez sent letters to (1) the City of Henderson's attorney, (2) its City Engineer, and (3) the Clark County Regional Flood Control District.  The letter stated that, pursuant to a power of attorney granted in the Loan Agreement, BH&G "has appointed Trez Capital as its attorney-in-fact."  Under this purported appointment, Trez informed the three recipients, "you are to deal only with Trez Capital, and not with [BH&G], in connection with the negotiation and finalization of the Project, the Participation Contract and any and all agreements and approvals related thereto."

59.     On the same date, Trez sent a similar letter to BH&G's surety for the Bond, SureTec Insurance company, asserting power of attorney and informing the surety, "from this point forward you are to deal only with Trez Capital, and not with [BH&G], in connection with the Bond."

60.     In early November, BH&G received oral confirmation from the City that it, and all required governmental agencies had approved the amended plans for the Arch Culvert.  The City indicated it was ready to formally approve the delta red line revisions, the amended plans, and reissue the water arch culvert permits.  This would finally allow BH&G and the City to execute the Reimbursement Agreement, whereby BH&G would recoup $4,949,000 of its investment, as outlined in the business plan approved by Trez.

61.     In fact, BH&G has new bids in-hand for the Arch Culvert project that reduce the cost from $10.1 million to $6.4 million.  BH&G's corresponding bond would also decrease to $6.4 million.  Under the Reimbursement Agreement, BH&G would be responsible for only $3,264,000 of the $6.4 million amount.  Thus, BH&G's total reimbursement of the $10.1 million Bond would be, $6,836,000 (calculated from bond requirement reduction, and reimbursement

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 11 -

amount).  This amount, coupled with the sale of the Retail Hard Corner (which Trez is also blocking) and BH&G's own funds would easily have allowed it to cure the default.

62.     However, Trez used the Power of Attorney Provision to prohibit BH&G from moving forward with the City on the plans, permits, and Reimbursement Agreement for the Arch Culvert, further delaying the Project and preventing BH&G from curing during the statutory right-to-cure period (the "Third Delay").

### 3.     Trez Continues to Prevent BH&G from Curing

63.     Upon receiving the Notice of Default, BH&G immediately retained Construction Management and Development, Inc. ("CM&D") to, among other things, audit the project, resolve any development issues on the property, locate and identify take-out lenders, i.e., lenders who will fully fund the project and pay of the entire amount owed to Trez, thus taking out those loans.

64.     With MGP, CM&D has located multiple lenders who expressed willingness to provide take-out financing, pending resolution of the Arch Culvert and related issues.

65.     But because of Trez's continued and improper interference with BH&G's ability to finalize the Arch Culvert documents with the City, BH&G is unable to secure take-out financing, which would cure the default, pay off Trez in full, and satisfy the Trez Loan Agreement.

### E.     Trez Led BH&G to Believe Trez Was Using the Power of Attorney to Further the Project

66.     On, September 9, 2022, Trez filed in the Eighth Judicial District Court seeking the appointment of a receiver to protect the property pending a potential foreclosure action.  On September 20, 2022, the Court granted that request.

67.     Despite Trez's obligation while acting as BH&G's attorney-in-fact to keep BH&G informed of all developments related to the Project, Trez kept BH&G in the dark.

68.     BH&G was informed that Trez had retained Kaempfer Crowell and was led to believe this was for the purpose of finalizing the details of the Arch Culvert documents.

69.     The Notice of Sale, indicating a foreclosure was being processed, was not issued until December 7, 2022.  More importantly, *it was not until December 13, 2022, that BH&G learned from the Receiver that Trez was not attempting to finalize the Arch Culvert documents*.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 12 -

70.    In fact, on or about December 13, 2022, Trez expressly informed BH&G that it was waiting until after the foreclosure sale to speak with the City because "it would be cleaner" and "they could start fresh" (the "Fourth Delay").

71.    Hence, it wasn't until mid-December 2022 that BH&G learned that Trez was not working to develop the Project and as such was depriving BH&G of its right to cure. As a result of Trez's inaction and in contravention of their asserted power of attorney, Plaintiffs are now forced to take emergency action to protect their rights and prevent foreclosure.

**F.**    **Trez's Use of the Power of Attorney Breached the Loan Agreement**

72.    As described above, *supra* Part D.2, the Power of Attorney provision authorized Trez to act only to facilitate the completion of the Project and to protect the property. Instead, Trez acted for its own self-interests, blocking BH&G's contact with the City, thus preventing finalization of the Arch Culvert documents, and preventing BH&G from curing any default.

**G.**    **Trez's Combined Delays**

73.    Trez's four delays, beginning in December 2020, combined to delay the Project for over a year and required BH&G to spend over $4 million to fund the development—money that was supposed to come from Trez. Indeed, Trez only participated as an actual lender for four months (April through July 2022) of the entire Project. Thus, to date, Trez has effectively delayed the Project 20 months.

**H.**    **A Foreclosure Sale Is Now Pending**

74.    Pursuant to the Notice of Sale, the foreclosure sale is scheduled for January 10, 2023, at 10:00 a.m.

**FIRST CAUSE OF ACTION**

**Fraudulent Misrepresentation**

75.    Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

76.    As described with particularity above, Defendants represented to BH&G that they would extend payment deadlines under the Loan Agreement.

77.    These representations were false. On information and belief, Defendants knew they did not intent to extend the payment deadlines.

- 13 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

78.     These representations were material to BH&G's subsequent decisions, including to wait to sell the Retail Hard Corner until its value had been improved by development of the Project.

79.     BH&G justifiably relied on these representations to, among other things, delay selling the Retail Hard Corner.

80.     As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

81.     Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

82.     Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

83.     Defendants acted with oppression, fraud, or malice and are therefore liable for punitive damages under NRS 42.005.

### SECOND CAUSE OF ACTION

### Negligent Misrepresentation

84.     Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

85.     As described with particularity above, Defendants represented to BH&G that they would extend payment deadlines under the Loan Agreement.

86.     Defendants made this representation while in the course of their business, profession, employment, or other action of pecuniary interest.

87.     These representations were false.  Defendants failed to exercise reasonable care or competence in obtaining or communicating these representations to the BH&G.

88.     These representations were supplied for the purpose of guiding BH&G in its business transactions.

89.     These representations were material to BH&G's subsequent decisions, including to wait to sell the Retail Hard Corner until its value had been improved by development of the Project.

90.     BH&G justifiably relied on these representations to, among other things, delay selling the Retail Hard Corner.

91.     As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

92.     Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

93.     Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

### THIRD CAUSE OF ACTION

### Breach of Contract

94.     Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

95.     BH&G and Defendants are parties to the Loan Agreement.

96.     Among other things, the Loan Agreement granted Defendants the power of attorney to perform certain authorized acts in the event of a default.

97.     Defendants breached the Loan Agreement by, among other things, exceeding its contractual authority to act pursuant to the Power of Attorney Provision, in direct contravention of the acts authorized therein.

98.     Defendants also breached the Loan Agreement by failing to fund the Initial Advance pursuant to Section 2.

99.     As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

100.    Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

101.    Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

/ / /

/ / /

/ / /

- 15 -

1

**FOURTH CAUSE OF ACTION**

2

**Breach of Implied Covenant of Good Faith and Fair Dealing**

3     102.    Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

4     103.    BH&G and Defendants are parties to the Loan Documents.

5     104.    The Loan Documents are valid and enforceable contracts.

6     105.    Under the Loan Documents, BH&G expected to enjoy the right to pay its debt to

7   Defendants, including through refinancing the loan, in exchange for the use, enjoyment, and

8   improvement of the Property, and such expectation was justified under the circumstances.

9     106.    BH&G informed Defendants that it was seeking outside financing to pay its debt to

10   Defendants and remedy its default.

11     107.    BH&G further informed Defendants that it had engaged lenders who were willing

12   and able to provide said financing upon reaching a resolution regarding the Arch Culvert issue

13   with the City of Henderson.

14     108.    Defendants intentionally stalled all attempts at reaching a resolution regarding the

15   Arch Culvert issue until after the scheduled foreclosure sale, thereby preventing remedy of

16   BH&G's default.

17     109.    Defendants breached the duty of good faith and fair dealing by violating the

18   purpose of the Loan Documents when they actively sought to prevent BH&G from obtaining

19   outside financing to meet its obligations under the Loan Documents.

20     110.    Defendants further breached the duty of good faith and fair dealing by, among

21   other things, taking control of discussions with the City of Henderson under their purported

22   contractual power of attorney and then misrepresenting to BH&G that they sought resolution of

23   the single condition hindering refinancing, thereby leaving BH&G in a false state of repose.

24     111.    Defendants' interference with BH&G's attempts to obtain separate financing was

25   deliberate.

26     112.    Defendants further denied BH&G's justifiable expectations by delaying the

27   payment of advance owed under the Loan Agreement.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

113.    As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

114.    Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

115.    Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

116.    Defendants acted with oppression, fraud, or malice and are therefore liable for punitive damages under NRS 42.005.

**FIFTH CAUSE OF ACTION**

**Breach of Fiduciary Duties of Care and Loyalty**

117.    Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

118.    By exercising their option to act as BH&G's attorney-in-fact under the Loan Agreement, Defendants accepted the obligation to act in BH&G's interests as described in the Power of Attorney Provision, and therefore became a fiduciary of BH&G.

119.    Fiduciary duties include the duties of care and loyalty.

120.    The duty of care entails, among other things, an obligation to exercise the requisite degree of care in the process of decision making to act on an informed basis.

121.    The duty of loyalty includes the obligation to not use a position of control of to further one's own financial interests or the financial interests of another to the detriment of the entity on whose behalf the fiduciary acts.

122.    Defendants breached the duties of care and loyalty by, among other things, acting in their own self-interest to the detriment of BH&G, including by delaying the funding of the loan pursuant to the Loan Agreement, blocking BH&G from working with the City on the Arch Culvert documents, plans, and permits, and failing to act to finalize the documents, plans, and permits for the Arch Culvert.

123.    As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

124.    Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

125.    Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

126.    Defendants acted with oppression, fraud, or malice and are therefore liable for punitive damages under NRS 42.005.

### SIXTH CAUSE OF ACTION

**Intentional Interference with Prospective Economic Advantage**

127.    Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

128.    BH&G had prospective contractual relationships with several lenders willing to offer new financing for the Project.

129.    BH&G informed Defendants of these prospective sources of financing on numerous occasions.

130.    BH&G informed Defendants that this potential funding could not move forward until a resolution was reached with the City of Henderson regarding the Arch Culvert issue.

131.    Defendants intended to harm BH&G by preventing BH&G from obtaining new financing and to foreclose on the significantly appreciated property to Defendants' personal advantage.

132.    Defendants intentionally ensured the perpetuation of the conditions preventing BH&G from obtaining new financing.

133.    Such actions interfered with BH&G's prospective contractual relationships.

134.    Defendants had no privilege or justification to prevent BH&G from obtaining, particularly given Defendants' repeated complaints of BH&G's failure to pay the amounts due and owing to Defendant.

135.    Absent Defendants' interference, BH&G would have been able to secure additional funding from its prospective lenders.

136.    As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Ex. Page No. 23

137.    Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

138.    Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

139.    Defendants acted with oppression, fraud, or malice and are therefore liable for punitive damages under NRS 42.005.

**SEVENTH CAUSE OF ACTION**

**Unjust Enrichment**

140.    Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

141.    BH&G conferred a benefit on Defendants by improving the property in preparation for the Project.

142.    If Trez is not enjoined from foreclosing on the property, it will appreciate this benefit, including from (1) the increase in the property's value as the result of BH&G's improvements to the property, and (2) the expected windfall resulting from a short sale credit bid at the foreclosure auction; which combined, on information and belief, is estimated to be a windfall in excess of $15 million.

143.    Trez has accepted these benefits and will retain them if allowed to proceed with the foreclosure sale, and it would be inequitable for Trez to retain these benefits without payment.

144.    As a result of Defendants' conduct, BH&G has suffered damages in excess of $15,000.

145.    Defendants' continued conduct will cause BH&G immediate irreparable harm for which BH&G has no adequate remedy at law.

146.    Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

/ / /

/ / /

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## EIGHTH CAUSE OF ACTION

### Declaratory Relief

147.   Plaintiffs re-allege and reincorporate every allegation from the paragraphs above.

148.   A justifiable controversy exists between two or more parties regarding their respective rights pursuant to the Loan Agreement.

149.   Plaintiffs assert that no provision of the Loan Agreement allows Trez to prohibit BH&G working with the City to obtain the necessary approvals and permits for the Arch Culvert construction, or otherwise allows Trez to interfere with BH&G's ability to do the same.

150.   The issue is ripe for judicial determination; and Plaintiffs therefore ask the court to determine the parties' relative rights under the contract.

151.   Plaintiffs have been required to retain counsel to protect their rights and the rights of BH&G and are therefore entitled to an award of their attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.   For relief restraining and enjoining Defendants

    a.   from proceeding with the pending foreclosure sale, currently scheduled for January 10, 2023, until at least such time as the Court has the opportunity fully hear and resolve this dispute; and

    b.   from acting in any way to prevent or inhibit BH&G from communicating with the City or any other government agency, or otherwise working to obtain the permits and approvals necessary to advance the construction of the Arch Culvert and related infrastructure, as may be required by any new lender;

2.   For actual and compensatory damages in excess of $15,000, the precise amount to be determined at trial;

3.   For punitive damages under applicable Nevada law;

4.   For a declaration that no provision of the Loan Agreement allows Trez to prohibit BH&G from working with all municipalities and communicating with the permit issuer, the City of Henderson, to obtain the necessary approvals and permits for the Arch Culvert construction, or

- 20 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    otherwise allows Trez to interfere with BH&G's ability to do the same

2        5.      For pre- and post-judgment interest; and

3        6.      For reasonable attorney's fees and costs of suit.

4    Dated:  December 27th, 2022              SNELL & WILMER L.L.P.

5                                            By: */s/ Richard C. Gordon*
6                                                Richard C. Gordon, Esq.
                                                 Erik J. Foley, Esq.
7                                                3883 Howard Hughes Parkway, Suite 1100
                                                 Las Vegas, Nevada 89169
8
                                                 *Attorneys for Plaintiffs*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

1

2    ### **VERIFICATION**

3        I, Randy C. Norton, have read the foregoing pleading and know the contents thereof.  The matters and things set forth are true to the best of my knowledge, except as to those matters set forth upon information and belief and, as to those, I believe them to be true; however, in compiling this information, information has been supplied by others and I am relying in part upon their representations.  All exhibits are authentic.

    I declare under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of December 2022.


                        */s/ Randy C. Norton*
                        Randy C. Norton

4854-2907-7317.7

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 22 -